IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JACOB ROBBINS,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** | § § § § | CA No._____ |
| Plaintiff, | § | JURY DEMANDED |
| v. | § § | |
| **NDT GLOBAL, LLC,** | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1.    Defendant, NDT GLOBAL, LLC ("Defendant"), failed to pay Plaintiff, JACOB ROBBINS, ("Plaintiff") and its other Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors) overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

1.2    Plaintiff, Jacob Robbins, and the similarly situated individuals he seeks to represent, are current and former employees of Defendants who work/worked as Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors) within the last three years (hereinafter referred to as "Class Members").

1.3    Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members.  Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors).

## 2.  JURISDICTION

2.1.    This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3.  VENUE

3.1.    Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4.  PARTIES

4.1.    Plaintiff, Jacob Robbins, lives in the Southern District of Texas.  Plaintiff is a former employee of Defendant and worked as a Level I Tool Operator, a Level II Tool Operator Trainee (also known as Inspectors in Training) and a Level II and III Tool Operator (also known as an Inspector).  Plaintiff began his employment with Defendant on or about May 1, 2013 and resigned on or about March 20, 2017.  His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2.    The class of similarly situated employees consists of all Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors) who work/worked for Defendant within the last three years and worked over forty (40) hours in any work week (hereinafter referred to as the "Class Members").

4.3.    Defendant NDT Global, LLC ("NDT") is an employer qualified to do business in Texas. Defendant NDT is liable as Plaintiffs' "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant NDT can be served by, serving its Registered Agent for Service of Process, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E 7th Street, Suite 620 Austin,

Texas 78701.

## 5.    FLSA COVERAGE

5.1    At all times relevant to this dispute, Defendant is an enterprise within the meaning of the

FLSA. 29 U.S.C. §203(r).

5.2    At all times relevant to this dispute, Defendant is an enterprise that engages in commerce

or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C.

§203(s)(1).

5.3    At all times relevant to this dispute, Defendant had/has annual gross sales in excess of

$500,000.00.

5.4    At all times relevant to this dispute, Plaintiff and the Class Members were employees

engaged in commerce or the production of goods for commerce as required by 29 U.S.C.

§207.

## 6.    BACKGROUND FACTS

6.1    Defendant NDT is a supplier of ultrasonic pipeline inspection and data analysis.

6.2    Plaintiff worked as a Level I Tool Operator, Level II Tool Operator Trainee (also known

as Inspector in Training) and Level II and III Tool Operator (also known as Inspector) for

Defendant NDT.  He was wrongfully classified by Defendant as exempt from overtime

compensation however, he was expected to work over forty (40) hours per work week.

He reported to and was supervised by Defendant's Project Manager.  Other individuals

who work/worked with Plaintiff, perform the same or similar job duties, were/are paid

the same and were/are titled Level II Tool Operator Trainees (also known as Inspectors in

Training), Level II and III Tool Operators (also known as Inspectors).

6.3    Defendant is aware that Plaintiff and the Class Members work/worked over forty hours

per work week to meet Defendant's deadlines.  Also, Defendant has a record of the hours worked by Plaintiff and the Class Members because they input the hours worked into a time keeping system call KUMA Vision.

6.4    Plaintiff and the Class Members input their hours worked into KUMA Vision each day however, they are not paid for all hours worked.  Instead, D the hours actually worked are not reflected on Plaintiff and the Class Members final paystub.  Plaintiff and the Class Members are not paid for all hours actually worked and do not receive overtime compensation.

6.5    Defendant dictates what hours Plaintiff worked, provided the tools for him to do his job, told him what work he was required to complete and the specifications on how the work was to be completed.  Throughout the duration of his employment Plaintiff worked over forty (40) hours per work week.  The overtime Plaintiff worked was necessary to meet the demands of the job.  On average, Plaintiff and the Class Members work/worked approximately twelve (12) hours per week of overtime.

6.6    Defendant controlled all the conditions of Plaintiff's employment.  Defendant determined Plaintiff's pay rate, the schedule he worked, and the policies and procedures Plaintiff and the other Class Members are/were required to follow.

6.7    Plaintiff and the Class Members are supervised by and report to the Project Manager. The Project Manager directed his work and was ultimately in charge of the projects Plaintiff and the Class Members worked on.

6.8    As a Level II and III Tool Operator (also known as Inspector), Plaintiff's primary duties included but were not limited to, ensuring proper launching, receiving and downloading of any information from the tool, coordinating with Defendant's customers to make sure

the tool arrives on time after launch, receiving phone calls from third party companies regarding tracking of the tool while in the pipeline, and going out to the field to trouble shoot if the tool became stuck in the line. Level II, and III Tool Operators also performed functional testing of the tool in the shop before the tool was launched. These job duties were the same or substantially similar to the job duties performed by the Level I Tool Operators and Level I and Level II Tool Operator Trainees.

6.9     In order to perform their job duties, Plaintiff and the Class Members follow procedures that are outlined in Defendant's manuals and checklists. These procedures must be followed to the letter. Any deviation from such procedures, if necessary, must first be approved by the Project Manager and/or management within the engineering team. Plaintiff and the Class Members are not allowed to make unilateral decisions about the tasks assigned or the manner in which such tasks are completed without the approval of their supervisor.

6.10    Plaintiff and the Class Members were not required to have any advanced knowledge. Level II and III Tool Operators (also known as Inspectors) needed only a two (2) year technical degree or a high school diploma with two (2) years of relevant experience. Based on Plaintiff's experience, this experience requirement could be met by working at an electronics store such as Fry's Electronics. During Plaintiff's tenure, more than half of the Level I, II, or III Tool Operators (or Inspectors) did not have a college degree or technical training in a specific field prior to being hired in that position.

6.11    Plaintiff and the Class Members do/did not have the authority to make unilateral decisions regarding the work assigned by Defendant. Plaintiff and the Class Members cannot arbitrarily make changes to anything without the approval of the Project Manager

and/or Defendant's management authority.

6.12    Plaintiff and Class Members do/did not have authority to hire or fire any of Defendant's

employees and do/did not have authority to set pay.

6.13    As Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and

III Tool Operators (also known as Inspectors), Plaintiff and Class Members regularly

work/worked more than forty (40) hours per workweek.  Neither he nor any of the other

Class Members had authority to (nor did they): manage an enterprise, hire or fire other

employees, set the pay rates of other employees, create policies or procedures to govern

Defendant's employees, handle employee grievances, determine the type of equipment or

materials that Defendant could use in its operations, enter into contracts on behalf of

Defendant or otherwise have operational control over Defendant's business operations

and practices.  Moreover, Plaintiff and the Class Members did not perform office or non-

manual work directly related to the management or general business operations of

Defendant or its customers, nor did they exercise discretion and independent judgment

with respect to matters of significance in the conduct of Defendant's business.

6.14    Plaintiff and the Class Members are subject to a single policy and pay plan that they

were/are misclassified as exempt and paid the same amount no matter how many hours

they worked.  Defendant had a plan/policy in place which applied to Plaintiff and the

Class Members that they were not to be compensated for any hours worked over forty

(40) hours per week.

6.15    Plaintiff and the Class Members were at all times "non-exempt" employees and eligible

to receive overtime pay pursuant to Section 207 of the FLSA.

6.16    Defendant improperly classified Plaintiff and the Class Members as exempt from receiving overtime compensation.  Defendant was aware that Plaintiff and the Class Members were/are working over forty (40) hours per work week because Plaintiff and the Class Members recorded the actual hours worked in Defendant's time keep system, Kuma Vision.

6.17    Also, before his resignation, Plaintiff reported his concerns that he and the Class Members may be misclassified to Defendant's Human Resources Manager, Melynda McConnell and J. Nathan Wood, Defendant's Maintenance Supervisor/Maintenance Manager.

6.18    Plaintiff and the Class Members worked/work over forty (40) hours per work week and Defendant fails/failed to pay Plaintiff and the Class Members overtime compensation. Plaintiff and the Class Members were paid the same amount no matter how many hours they worked for Defendant.

6.18    Throughout Plaintiff's tenure working for Defendant, Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors) were subject to the same pay policy/plan described herein, work/worked overtime hours, and were/are not compensated in accordance with the FLSA by Defendant.  Over the past three (3) years there have been other Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors in Training) who were subject to the same policy and plan as described herein.  Plaintiff is aware of other individuals who worked as Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors) and were not compensated in accordance with the FLSA for

hours worked in excess of forty (40) hours per work week.

### 7.    COLLECTIVE ACTION ALLEGATIONS

7.1    Plaintiff incorporates the allegations in the preceding paragraph as if fully set forth herein.

7.2    Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors) within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked and/or (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

7.3    Defendant classified/classifies and paid/pays all of its Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors) in the manner described herein.  Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.4    Defendant's Level II Tool Operator Trainees (also known as Inspectors in Training), Level II and III Tool Operators (also known as Inspectors in Training) all performed the same/similar essential job functions and duties, notwithstanding the fact that one employee might have more tenure or experience than another employee in the same or similar position.  Plaintiff and the Class Members were also paid in the same manner by Defendant.  Therefore, the Class Members are similarly situated to Plaintiff.

7.5    The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.6   Defendant possesses the names and addresses of Class Members in its records.  The Class

Members should be allowed to receive notice about this lawsuit and given an opportunity

to join.  Like Plaintiff, these similarly situated workers are entitled to recover their unpaid

wages, overtime wages, liquidated damages, attorneys' fees and other damages.

Therefore, notice is appropriately sent to the following class:

> **All Level II Tool Operator Trainees (also known as Inspectors in
> Training), Level II and III Tool Operators (also known as Inspectors)
> that worked for Defendant at any time during the three years
> preceding the filing of this lawsuit to the present that worked over
> forty (40) hours in any workweek.**

7.7   Defendant misclassified Plaintiff and the Class Members as exempt from receiving

overtime compensation, failed to pay them wages for all hours worked and failed to pay

them overtime wages required by the FLSA for all hours worked over forty (40) hours

per work week.

7.8   Defendant's failure to pay overtime wages to Plaintiff and the Class Members in

accordance with the FLSA was willful as that term is defined by Section 255(a) and was

not based on a good faith belief that its conduct complied with the FLSA.  Therefore, the

three (3) years statute of limitations period applies to Plaintiff's and the Class Members'

damages in this case.

7.9   Plaintiff and the Class Members are entitled to wages for all hours worked, overtime

wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all

of their unpaid wages as liquidated damages, as well as their reasonable and necessary

attorneys' fees and costs of this action.  29 U.S.C. §216(b).

## 8.    JURY DEMAND

8.1   Plaintiff hereby demands a trial by jury.

## 9.    **PRAYER**

9.1    Plaintiff respectfully requests that judgment be entered against Defendant, awarding him

and all similarly situated employees:

9.1.1    Unpaid wages for all hours work during the period specified herein.

9.1.2    Overtime compensation for all hours worked in excess of forty (40) hours per

work week at the rate of one and a half times his regular rate of pay;

9.1.3    An equal amount of liquidated damages;

9.1.4    Order Defendant to pay reasonable costs and attorney's fees in this action; and,

9.1.5    Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
gregg@rosenberglaw.com
tracey@rosenberglaw.com

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                    ATTORNEYS FOR PLAINTIFF